IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ONLINE NEWS LINK LLC, | § § | |
| *Plaintiff*, | § § | Civil Action No. 2:13-CV-632 |
| v. | § § § | JURY TRIAL DEMANDED |
| AMAZON.COM INC., | § § | |
| *Defendant*. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ONLINE NEWS LINK LLC files this Complaint against AMAZON.COM INC. for infringement of U.S. Patent No. 7,181,758 ("the '758 patent"), U.S. Patent No. 7,508,789 ("the '789 patent"), and U.S. Patent No. 8,457,545 ("the '545 patent").

### I. THE PARTIES

1. Plaintiff ONLINE NEWS LINK LLC ("Plaintiff") is a Texas limited liability company, with its principal place of business in Plano, Texas.

2. Defendant AMAZON.COM INC. ("Defendant" or "Amazon") is a Delaware corporation with its corporate headquarters and principal place of business at 1200 12th Avenue, Suite 1200, Seattle, Washington 98114-2734. Amazon has appointed its agent for service as follows: Corporation Service Company, 6500 Harbour Heights Parkway, Suite 400, Mukilteo, Washington 98275.

## II.  JURISDICTION AND VENUE

3. This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-285, among others.  This Court has subject matter jurisdiction of this action under Title 28 U.S.C. §1331 and §1338(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, Defendant is deemed to reside in judicial district, has committed acts of infringement in this judicial district, has purposely transacted business involving their accused products in this judicial district, and/or has regular and established places of business in this judicial district.

5. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Texas residents.  This includes, but is not limited to, operating physical locations in Texas, soliciting advertising from Texas companies, and by operating an Internet website and conducting business over that Internet website that is accessible to residents of Texas, including www.amazon.com.  Thus, Defendant has purposefully availed themselves of the benefits of the state of Texas and the exercise of jurisdiction is proper.

## III. PATENT INFRINGEMENT

### COUNT I — INFRINGEMENT OF U.S. PATENT NO. 7,181,758

6. Plaintiff is the assignee of the '758 patent, entitled "INFORMATION DISTRIBUTION AND PROCESSING SYSTEM," with ownership of all substantial rights. Among other rights, Plaintiff has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude Amazon, the exclusive right to sue Amazon, the exclusive right to settle any claims with Amazon, and the exclusive right to grant a sublicense to Amazon. A true and correct copy of the '758 patent is attached as Exhibit A.

7. Amazon has infringed and continues to directly infringe one or more claims of the '758 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, having made, using, offering for sale, and/or selling claimed information distribution and processing systems. At a minimum, Amazon has been, and now is, directly infringing claims of the '758 patent, including (for example) at least claim 1, by making, having made, and/or using its information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server.

8. Plaintiff has been damaged as a result of Amazon's infringing conduct. Amazon is, thus, liable to Plaintiff in an amount that adequately compensates it for Amazon's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II — INFRINGEMENT OF U.S. PATENT NO. 7,508,789

9. Plaintiff is the assignee of the '789 patent, entitled "INFORMATION DISTRIBUTION AND PROCESSING SYSTEM," with ownership of all substantial rights. Among other rights, Plaintiff has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude Amazon, the exclusive right to sue Amazon, the exclusive right to settle any claims with Amazon, and the exclusive right to grant a sublicense to Amazon. A true and correct copy of the '789 patent is attached as Exhibit B.

10. Amazon has infringed and continues to directly infringe one or more claims of the '789 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, having made, using, offering for sale, and/or selling claimed information distribution and processing systems. At a minimum, Amazon has been and now is directly infringing claims of the '789 patent, including (for example) at least claim 16, by making, having made, and/or using its information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server.

11. Plaintiff has been damaged as a result of Amazon's infringing conduct. Amazon is, thus, liable to Plaintiff in an amount that adequately compensates it for Amazon's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT III — INFRINGEMENT OF U.S. PATENT NO. 8,457,545

12. Plaintiff is the assignee of the '545 patent, entitled "INFORMATION DISTRIBUTION AND PROCESSING SYSTEM," with ownership of all substantial rights. Among other rights, Plaintiff has the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, the exclusive right to settle any claims of infringement, and the exclusive right to grant sublicenses, including the exclusive right to exclude Amazon, the exclusive right to sue Amazon, the exclusive right to settle any claims with Amazon, and the exclusive right to grant a sublicense to Amazon. A true and correct copy of the '545 patent is attached as Exhibit C.

13. Amazon has infringed and continues to directly infringe one or more claims of the '545 patent in this judicial district and elsewhere in Texas and the United States by, among other things, making, having made, using, offering for sale, and/or selling claimed information distribution and processing systems. At a minimum, Amazon has been and now is directly infringing claims of the '545 patent, including (for example) at least claim 1, by making, having made, and/or using an information distribution system(s) that transmit(s) email communications containing user-selectable links associated with data on a server.

14. Plaintiff has been damaged as a result of Amazon's infringing conduct. Amazon is, thus, liable to Plaintiff in an amount that adequately compensates it for Amazon's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### IV.  JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. **PRAYER FOR RELIEF**

Plaintiff requests that the Court find in its favor and against Amazon, and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of U.S. Patent No. 7,181,758, U.S. Patent No. 7,508,789, and/or United States Patent No. 8,457,545 has been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

d. That the Court declare this an exceptional case and award Plaintiff its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Respectfully Submitted,

/s/ Eric M. Albritton
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@dpelaw.com
Stefanie T. Scott
Texas State Bar No. 24061617
sscott@dpelaw.com

**DiNovo Price Ellwanger & Hardy LLP**
7000 North MoPac Expressway
Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2622
Facsimile:  (512) 539-2627

**ATTORNEYS FOR PLAINTIFF
ONLINE NEWS LINK LLC**